IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **10-CV-01047-JLK-MEH**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**ANNETTE H. CANDELARIA, and**
**LEONARD L. CANDELARIA, individually and**
    **as Trustees of the Leonard L. Candelaria and Annette H. Candelaria Revocable**
    **Trust dated April 18, 1994;**
**LORRAINE SHARON YOUNG a/k/a LORAIN SHARON YOUNG;**
**MELODY CANDELARIA a/k/a MELODY MAHRIKA;**
**GILBERT CANDELARIA;**
**VILLA RAE ABEYTA;**
**YVONNE BRANSON a/k/a YVONNE CANDELARIA, and**
**SY CANDELARIA a/k/a ISAIAH CANDELARIA, as Trustees in Trust for Yvonne**
    **Candelaria; and**
**SUSIE E. CANDELARIA TRUST DATED April 30, 2008; and**
**ANY AND ALL UNKNOWN PERSONS who claim any interest in the subject matter of this action,**

    Defendants

## CONSENT JUDGMENT

Pursuant to the Complaint filed by Plaintiff United States of America, acting for the United States Department of the Army, Corps of Engineers (collectively the "United States") against Defendant herein, it is hereby ordered that:

(1) The United States has title to and is the record owner of the Easement based on the recorded conveyance from Mary E. Pargin. *See* Ex. A (incorporated into this Consent Judgment by this reference). The location of the subject easement is also shown in Exhibit B, which is incorporated into this Consent Judgment by this reference.

(2) The United States' title to the Easement is superior to that of any other claimant.

(3) Representatives of the United States and/or the public have used and/or possessed Fosset Gulch Road (meaning the area covered by the 1943 Easement) sufficient in manner and length of time to obtain the right to use the road by adverse possession.

(4) The use and/or possession of the Easement by representatives of the United States was actual, adverse, open, notorious, hostile, under claim of right, exclusive, and uninterrupted for the statutory period of eighteen years.

(5) The United States obtained a right to use the Road by adverse possession. More particularly, the United States' adverse use of the area covered by the Easement extends beyond any limitations that may be contained in the 1943 Easement. The allowed use by the Forest Service (and its licensees and permittees) includes, but is not limited to, the terms described in Exhibit C (incorporated by this reference).

(6) The title to the Easement conveyed by Mary E. Pargin to the United States is good because the time for bringing an action against the United States to remove or modify the Easement granted by Mary Pargin has long passed based on 28 U.S.C. § 2409a.

(7) The United States, the Forest Service, and its representatives are entitled to use the area covered by the Easement for all Forest Service uses consistent with the laws and regulations that apply to the Forest Service. The uses allowed by the Forest Service's licensees, contractors, and permittees, and by the public, is subject to Forest Service rules, regulations, policies, and requirements concerning use of the road (including the portion described in the easement).

(8) Defendants have no right, title, interest, estate, or claim of any kind whatsoever in the area described in the Easement, except in their capacity as members of the public. They can use the Easement like members of the public, as outlined above, but they are forever barred and enjoined from challenging that the United States is entitled to possession of the Easement.

(9) The parties agree that, aside from these parties, "any and all unknown parties who claim an interest in the subject property" may be dismissed. This case is ordered closed upon entry of the Consent Judgment.

It is further ordered that each party will bear its own attorneys fees and costs.

Dated: July 26, 2010

/s/ John L. Kane
SENIOR U.S. DISTRICT JUDGE